■ PIONEER JEWELRY CORP., Appellant, v. ALL CONTINENT CORPORATION et al., Defendants, and CHELSEA DEMOLITION CO., INC., Respondent.— Order, entered August 20, 1964, unanimously modified, on the law, on the facts, and in the exercise of discretion, to grant unconditionally and in its entirety the plaintiff's motion for protective order, and order appealed from otherwise affirmed, with $30 costs and disbursements to plaintiff-appellant. The notice of discovery and inspection was served approximately six weeks after the service and filing of the statement of readiness and note of issue. There was no showing of such "unusual and unanticipated conditions" as to justify relaxation of the provisions of rule IV of part 1 (subd. 4, par. [g]) of the New York County Supreme Court Rules prohibiting disclosure proceedings after the action was placed on the calendar; and the failure to timely move to strike the cause from the calendar constituted a waiver of the discovery and inspection now sought. (*Price* v. *Brody*, 7 A D 2d 204; *Woznicki* v. *Lynn Terrace Apts.*, 22 A D 2d 883, 884.) Under the circumstances, it is immaterial that the plaintiff's examination before trial was incomplete at the time of service and filing of the statement of readiness and note of issue. Particularly, it should be noted that before such service and filing and during said examination, plaintiff produced certain books and records but specifically refused to produce its income tax returns. Concur — Botein, P. J., Breitel, Stevens, Eager and Staley, JJ.

■ EMMA K. PROOSLIN, Respondent-Appellant, v. MILTON G. PROOSLIN, Appellant-Respondent.— Order and judgment directing judgment against the defendant in the sum of $2,350 for alimony arrears and modifying the judgment of separation filed in 1960 by reducing provisions for plaintiff's support from the sum of $325 per week to the sum of $200 per week and awarding the sum of $350 as additional counsel fees to the plaintiff, unanimously modified, on the law and on the facts, by granting judgment in favor of the plaintiff against the defendant in the sum of $9,975 for accumulated alimony arrears and modifying the judgment of separation herein by reducing the provisions for plaintiff's support from the sum of $325 per week to the sum of $250 per week and increasing the award of additional counsel fees to the plaintiff from the sum of $350 to the sum of $1,000, with $50 costs to the plaintiff. A review of the record indicates that defendant has sufficient income to provide the payments as modified. Settle order on notice. Concur — Botein, P. J., Breitel, Stevens, Eager and Staley, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH BOOTH, Appellant.— Order entered April 3, 1964 denying without a hearing petitioner's motion for a writ of error *coram nobis* unanimously affirmed. The petition is insufficient. Consequently, it is not necessary to consider the problem of defendant's present insanity. (*People* v. *Hensler*, 23 A D 2d 651.) Concur — Botein, P. J., Breitel, Rabin, Valente and Staley, JJ.